X

**United States District Court**

**Western District of New York**

~~County of Erie~~

_____X

**Richard J Tracy**

**Complainant/ Plaintiff**

V.

**Hon, Acea M. Mosey and**

**Kimberly A. Beckwith    Chief Clerk**

_____X



**Matter of the Estate of**

**Carrie A. Tracy  (2024-1318)**

**Civil Complaint Seeking Removal**

**To The  Higher Court**

Case No_____ 26  CV  896

FILED MAY 4 2026 — UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF NY, ANDREW W. MOELLER, CLERK

## Preliminary Statements

**This action arises from a sustained pattern of unlawful,** and extrajudicial misconduct within the Erie County Surrogate's Court, **The presiding Judge** Acea Mosey and several members of her clerical staff, with the intent to deprive a  rightful heir of his lawful inheritance, have engaged in conduct outside the scope of legitimate judicial authority, **and has acted in clear absents of jurisdiction.** The Surrogate's Courts conduct constituted Misuse of Judicial Process, Fraud Upon the Court, and "(aiding and abetting)" in fraud, In violation of, **Title,18 U.S.C. § 2** The Surrogate and her Clerical staff,- **aided the proponent, in the willful destruction of an official court-filed** testamentary instrument, and commenced a probate proceeding that lacked, **"(lawful basis)"** based on a will that was purported to be the decedent's will, which was **altered** while in the Surrogate Courts custody, failing to meet statutory requirements; for admissibility to probate, and actions taken in clear absence of jurisdiction

**These acts were administrative**, extrajudicial and under taken under color of law, As a result of this misconduct complainants property rights have been compromised, deprived of procedural fairness, denied meaningful access to the court, deprived of due process and equal protections, and the Courts refusal to rule **or issue an appealable final order has obstructed appellate review,** and **complainants federally protected rights** have been violated. Demonstrating, Judge Mosey is no longer fit, to preside over this matter Complainant, therefore brings forth this action, seeking **immediate** removal to the higher court, to restore the integrity of the proceeding, See, **Matter of Taber, 168 A.D.3d 1155 (3d Dept2019),** When a Surrogate proceeds in a manner that violates constitutional due process, the resulting decree is **jurisdictionally defective.**

*1*

**Jurisdiction**

**This Court has Jurisdiction over this action,** - pursuant to 28U.S.C. §1331, as the claims given arise under the Constitution and laws of the United States, including **42 U.S.C. 1983 and 42U.S.C. 1985(3)**, This Court also has jurisdiction **under 28 U.S.C. 1343(a)(3) and (a)(4),** which provide jurisdiction for civil rights actions, seeking to redress the deprivation of constitutional rights under color of law. **Declaratory** and Injunctive relief is authorized by 28 U.S.C §2201, 2202 and § 3001. To the extent the complaint includes related state law claims, supplemental jurisdiction exists **under 28 U.S.C. § 1367(a)** because those claims form part of the same case or controversy as to the federal claims,

Complainant invokes the N.Y. Constitution Article 7 insofar as Respondents misconduct implicates unlawful use judicial resources and administrative authority in direct **violation of state constitutional mandates**. Declaratory relief is additionally authorized under (CPLR § 3001), which empowers courts to render a declaratory judgment determining the rights and legal relations of the parties to this justiciable controversy.

Venue is proper in the United States District Court for Western District of New York, under 28 U.S.C. § 1391(b) **because the events and omissions giving rise to these claims occurred in Erie County,** >> New York, and the Respondents are located and perform their duties within this District.

Wherefore, Complainant brings forth this action pursuant to 42 U.S.C. § 1983, § 1985(2),(3), of the Due Process and Equal Protection Clause of the United States Constitution, **And the Declaratory Judge Act 28 U.S.C. 2201 and 2202, which authorizes this court** to grant further necessary relief, including injunctive orders, or related provisions of the New York Constitution under Art, 7 together with CPLR 3001. Respondents have acted under color of law and violated the principles of procedural fairness.

Defendants conduct constituted, violations of; 42 U.S.C. 1983, Deprivation of Rights which allows a party to sue any person acting under color of law. 42 U.S.C § 1985,(2), Conspiracy to obstruct and intimidate litigant's which creates a civil cause of action, under **42 .U.S.C § 1985(3) Conspiracy to Deprive** any person of equal protection of the law, and under Judiciary Law § 487 "(deceit and collusion), Wherefore the complainant seeks, Declaratory and Injunctive relief, Compensatory, Monetary, Treble, and Punitive damages, **amounting to $1,000,000 million** against each named defendant therein, being sue in their individual capacity. .

## Statements of Fact

1. **The Surrogate's Court** Judge Acea M Mosey and her clerical staff, knowingly advanced, concealed and altered a court-filed testamentary instrument, **while in the** Surrogate's Courts custody, and commenced a probate proceeding which **lacked lawful basis**, The Surrogate's Courts actions were taken under color of state law. The two conflicting court-filed wills, I submit upon this Court are indisputable and unrebutable and establishes, the Surrogate's Court acted in clear absence of jurisdiction and striped itself of any claim to immunity, These acts taken reflect, a deliberate abdication of judicial and administrative obligation, to which deprived Complainant of procedural fairness

2. **The Surrogate** and the clerk's office, knowingly concealed and advanced an instrument purporting to be the decedent's will, which was not **authorized or executed by the decedent**. Despite the fact that it was materially defective on its face and did not comply with the execution requirements of; EPTL 3-2.1(a)(1) and 3-2.1(a)(2). and the **instrument failed to satisfy the authentication standards** required under FRE 901. as well. **Nevertheless,** Judge Mosey, advanced the document into the probate proceeding,

a) Despite indisputable evidence that the purported will was altered prior to its filing and was later altered, while in the custody of the Surrogate's Court. Despite, **as matter of law** that a will altered within courts custody is **"(ultra vires)"** and can no **longer be treated as the decedent's will or a valid testamentary instrument.** >> Under SCPA §1402, §1404, and §1408, and cannot serve as a legal basis to commence a probate proceeding. "(Judge Mosey allow this to stand without scrutiny)" and;

• **New York courts apply the same rule;** a Surrogate's Court cannot acquire jurisdiction where statutory prerequisites to probate are not met, and any degree issued is void ab initio. **See; Matter of Cook, 244** N.Y. 63 (1926); **Matter of Young,** 202 A.D.2d 662 (2d Dept 1994); **Matter of Rappaport,** 121 A.D.2d 447 (2d Dept 1986).

3. **Because the proceeding was initiated on the basis of an altered, unauthenticated,** and statutorily non compliant instrument, the Surrogate's Court commenced a probate matter **without lawful jurisdictional foundation** and has acted in complete absence of jurisdiction;- See **Matter of Estate of Kohn, 72 A.D.2d 739 (2d Dept 1979), Holding:** A Surrogate's decree issued **without proper jurisdiction** is void ab initio and

3

subject to collateral attack.

4. **The Surrogate by advancing the** proceeding based on a altered testamentary instrument. As effectively deprived the complainant of Due Process, Equal Protection of the law and has interfered **with Federally** Protected Rights, it further reflects a deliberate Misuse of judicial obligation and authority, **to shield the** clerk and opposing parties from accountability. Thereby, the Surrogate's Judge facilitated in the fraud, by advancing an instrument known to be altered and defective, this conduct falls squarely within the scope of; 18 U.S.C. §2 "(aiding and abetting)" in fraud, and constituted Misuse of Judicial Process, Fraud upon the Court and violates Judiciary Law § 487 and Judiciary Law § 212

5. The Surrogate's Judge and the clerk knowingly submitted and advanced a self-proving affidavit unsigned by the testator, and the court **falsely treated it as proof of due execution** and allowed the proponent and attorney to commence a probate proceeding **without any lawful basis** This conduct has directly violated EPTL 3-2.1(a)(4), EPTL 3-2.1(b), EPTL 3-2.2, SCPA 1406, > and the **authentication** requirements of FRE 901. Despite this being the document required to admitted the will to probate, and **"(facially defective)"**

a) Matter of Fisher, 80 U.S. 335 (1871) Judicial acts taken without jurisdiction, (are not judicial acts at all)" Matter of Stump v. Sparkman, 435 U.S. 349 (1978) "(Judicial immunity)" does not apply where a Judge acts in clear absence of of all jurisdiction)" **In Matter of Mireles v. Waco, 502 U.S. 9 (1991)"**> Judicial authority ends where jurisdiction ends

6. **The Surrogate and the clerk,** permitted the proponent and his attorney to taint the probated proceeding by submitting a petition for Preliminary Letters Testamentary **containing knowingly false** allegations of theft, despite the existence of **witness testimony** establishing the proponent himself engaged in the very conduct he falsely arbitrated to the plaintiff, > These accusations **were made in bad faith,** were entirely unsupported by any evidentiary basis,- **and failed to satisfy the lawful** requirements under CPLR 3016 (a) for allegations of criminal conduct.

7. Matter of Young, 202 A.D.2d 662 (2d Dep't 1994), a Surrogate's Court cannot acquire jurisdiction where the petition contains false or misleading statements. Use of: False theft allegations = jurisdiction never attached.

4

8. **Rather than striking these defamatory and scandalous statements,** as required under CPLR 3024 (b) the Surrogate's Court relied upon them, enabling the proponent, > and his attorney to misuse the probate process to slander the plaintiff's name and to conceal the proponent's own wrongdoing. And granted him unlawful control of the estate.

a) **The Surrogate despite** the petition was tainted by knowingly false criminal allegations, and was legally insufficient under SCPA 1402, **which requires truthful and accurate information as a prerequisite** to invoking, **the Surrogate court's probate jurisdiction.** Issuing Preliminary Letters Testamentary on the basis of a petition containing fabricated accusations was therefore ultra vires and contrary to SCPA 1412, which authorizes Preliminary Letters only upon a proper and legally sufficient showing. The Court allow this to stand, without scrutiny or sanction the misconduct

9. The Surrogate's Court Judge Acea Mosey further failed its statutory duty under **SCPA 209(4)** to prevent abuse of process, and by allowing the probate proceeding to be weaponized for personal defamation and to shield the proponent's own misconduct. The advancement of knowingly false allegations, Constitutes **fraud, misrepresentation, and official misconduct** within the meaning of **CPLR 5015(a)(3),** rendering any resulting orders subject to vacatur.

a) **By permitting a petition containing fabricated criminal accusations** to influence the proceeding, the Surrogate's Court Judge acted in excess of its lawful authority and in violation of **CPLR 7803(2),** which prohibits judicial action taken without jurisdiction or contrary to lawful procedure. see **Matter of Cook, 244 N.Y. 63 (1926),** Fraud in the procurement or presentation of probate documents destroys jurisdiction and renders the decree void. **Matter of Rappaport, 121 A.D.2d 447 (2d Dep't 1986)**

### Unlawful Closed Hearing

10. On February 4, 2026, the Surrogate's Court convened a **secret, closed-door hearing** in blatant violation of my First and Fourteenth Amendment rights. This hearing was a duly-noticed Order to Show Cause on Summary Judgment, a proceeding that is constitutionally **required to remain open to the public.** Judge Mosey made no findings, cited no authority, and **offered no justification** for sealing the courtroom. The closure was unlawful on its face. And constituted violations of Judiciary Law 487 and 212

5

11. During this hearing, I had **exposed four conflicting wills**, including two instruments bearing the Court's own seal. >> and sharing the same filing number, proving that the probate record had been compromised while in the Court's custody. The moment these defects were placed on the record, Judge Mosey refused to rule or issue an appealable final order, **to obstruct** appellate review, This was not judicial discretion, it was an act of <u>retaliation</u> to shield the Court's own Judicial and Clerical misconduct from accountability'.

a) **Matter of; People ex rel. Hummel v. Trial Term, 184 N.Y. 30(1906),** A court acts without jurisdiction when it refuses to decide a matter properly before it. **Matter of Snide, 52 N.Y.2d 193 (1981),** If the will is invalid, the estate must pass to the rightful heirs. Matter of Makitra, 101 A.D.3d 1579 (3d Dept 2012), Surrogate must distribute to rightful heirs once the offered will is invalid

b) **The Judge by closing the courtroom,** suppressing the record, and withholding an appealable order, the Surrogate's Court acted **ultra vires,** and deprived me of due process, and extinguished my constitutional right to a meaningful avenue of review. **The proceeding** was structurally defective, jurisdictionally void, and constitutionally indefensible.

12. **Judge Acea Mosey issued a memorandum of law that purported to render an order,** fully aware that a memorandum of law is **not** an appealable final order under New York law. By **embedding** an operative and unjust ruling inside without a hearing or a trial waiving, overlooking, and bypassing triable issues of fact and the necessity of forensic analysis, to maliciously deprive complainant of his Constitutional right to appellate review. This act constituted a Misuse of Judicial Authority, fraud upon the court and violates Due Process, Equal Protections and Federally Protected Rights, violating Burke v. Crosson,

13. **The Surrogate's actions,** Despite an evidentiary record establishing that proponent had altered the will prior to it filing, **and was later altered again while in the custody** of the Surrogate Court clerks office, demonstrates <u>impartiality, favoritism, and complicity.</u> Under EPTL 3-2.1(a)(4) an attesting witnesses that did not witness the altered instrument cannot attest to the instruments authenticity; under EPTL 3-2.2, any **alteration not re-executed** with full statutory formalities is void; and under SCPA 1408, a will altered in the Court's custody **cannot be treated as the decedent's will** and is no longer inadmissible to probate.

14. **The Court also acted** despite the fact that a self-proving affidavit unsigned by the testator was defective and **legally void under SCPA 1406**, rendering it legally ineffective and **destroying any presumption** of due execution under **EPTL 3-2.1(b)**. Without a valid affidavit, the proponent was required to prove due execution through competent witness testimony, **which is impossible where the instrument has been materially altered**. Since the will was altered within the courts custody

15. By issuing a non appealable memorandum that functioned as an order, while ignoring statutory defects under **EPTL§ 3-2.1(a)(4), § 3-2.1(b), 3 2.2, and SCPA 1406**, the Surrogate acted **ultra vires, evaded appellate jurisdiction**, and violated my constitutional right to meaningful review. .

## Grounds For Action

1. **The Surrogate proceeded on, two conflicting, and statutorily** non compliant testamentary instruments and relied on known perjurious ex parte testimony. **In doing so, the Surrogate** acted in clear absence of Jurisdiction rending the Surrogate's action void not voidable,> **under the following controlling interest** Lacks v. Lacks, 41 N.Y.2d 71 (1976), and People v. Correa, 15 N.Y.3d 213 (2010).

2. **The Surrogate proceeding** on an altered, conflicting, and unauthenticated instrument constituted fraud, misrepresentation, and misconduct under CPLR 5015(a)(3), in violation of EPTL 3-2.1 (a)(1), (a)(2) and FRE 901, Despite it was ultra vires and inadmissible to probate under SCPA 1408.

3. **The Existence** of Four conflicting versions of the purported will, two altered while in the custody of the Surrogate's Court. **Renders the instruments** inadmissible to probate, See Matter of Kohn 72 A.D2d 739 (2d Dep't 1979) and Matter of Cook, 244 N.Y. 63 (1926) destroys the courts jurisdiction.

4. **The Surrogate** refused to permit forensic analysis of the instruments, which would have further exposed its invalidity, > Matter of Young, 202 A.D.2d 662 (2d Dep't 1994 contrary to Matter of of Cook 244 N.Y. 63 (1926) "(In doing so):

5. **The Surrogate** violated SCPA 1404, SCPA 1408, EPTL 3-2.1(a)(4), EPTL 3-2.1(b), EPTL 3-2.2, and the Fourteenth Amendment by refusing to permit forensic examination of a will, where the wills authenticity validity, and integrity was reasonably questionable and directly challenged.

**7**

6. The Surrogate on May 9, 2025 engaged ex parte communications and submitted ex parte testimony from two witnesses, that was taken outside the plaintiff's presence, to prevented plaintiff from confronting the witnesses with the four conflicting wills, in violation of SCPA 1404. Matter of Lichtenstein, 52 A.D.2d 543 (1st Dep't 1976),

7. **The Surrogate relied on perjurious** testimony taken outside the plaintiff's presence, violating statutory and constitutional **due process requirements**. Despite knowing the witnesses had no lawful authority to attest to documents authenticity, Since it had been altered outside their presence.

8. **On  May 9, 2025, and again on February 4, 2026**, the Surrogate blatantly violated First and Fourteenth Amendment rights by scheduling and conducting a **closed-door** proceeding for the deliberate purpose of evading her own Judicial Misconduct. And were convened without lawful justification, violating

- **Judiciary Law § 4** Courts Must Be Open to the Public

- Violating the open court clause (**Art. I, § 8**

9. Surrogate's Court proceedings must follow statutory procedure. **Secret, undocumented, or closed-door** sessions violate:

- **SCPA 102** — definition of process

- **SCPA 209(4)** — duty to prevent abuse of process

- **SCPA 501** — requirement of proper judicial procedure

- Closed-door sessions constitute unlawful procedure and abuse of process.

10. The Surrogate has at all relevant times has acted in clear absence of all jurisdiction in violation of CPLR 7803(2). (acting in excess of jurisdiction), to deprive a rightful heir of his Lawful inheritance Despite the complainant had already Prevailed on the Merits

11. **The** Surrogate acted in direct violation of CPLR 5015(a)(3) (fraud, concealment, misrepresentation, and misconduct) and CPLR 5015(a)(4) (lack of jurisdiction).

**WHEREFORE,** the Complainant respectfully seeks the following relief:

ץ

- **Declaratory relief, declaring that the actions of the Surrogate** on February 4, 2025 and May 9, 2025 violated the Complainant's rights under the First and Fourteenth Amendments, Under the United State Constitution, Judiciary Law § 4, and applicable Surrogate's Court procedural statutes.

- Injunctive relief prohibiting the continuation, enforcement, or reliance upon any determinations, rulings, **or proceedings arising from or connected to the closed door sessions conducted on those dates,** and directing that all future proceedings comply with constitutional and statutory requirements.

- **Compensatory damages for the harm suffered** as a result of the unconstitutional and unlawful actions described herein. Amounting to $ 200,000. plus, $27, 926. for attorney fees and cost

- **Monetary damages for the injuries sustained, including reputational,** procedural, and constitutional harms. **Total Monetary Damages (excluding defamation): $1,768,778**

- **Treble damages as authorized by law for the willful, malicious, and bad-faith conduct that caused** measurable injury to the Complainant. Totaling $83,778.

- **Punitive damages in the amount of $1,500,000 to punish and deter the egregious,>>** intentional, and unconstitutional misconduct committed under color of law and judicial authority.

- **Damages for slander and defamation of character,** arising from the false, malicious, and reputation destroying statements and actions facilitated through judicial process.,$250,000

- **Such other and further relief** as this Court deems just, proper, and necessary to remedy the violations and injuries set forth herein,  including sanctions for the miscount

- **Immediate removal of this matter to a higher court** with proper jurisdiction to ensure impartial adjudication and to prevent further constitutional and procedural violations.

- **Trial by jury** on all issues triable by right, including damages, constitutional violations, and all claims arising from the unlawful conduct described herein.

- **Referral of this matter to the proper oversight authorities** for investigation of judicial misconduct, abuse of authority, and violations of constitutional and statutory obligations.

I Richard J. Tracy being duly sworn, disposes and state;

I Richard J. Tracy, am the Complainant in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The statements contained therein are true to my personal knowledge, except **as to those matters alleged to be true upon information and belief**, and as to those matters, I believe them to be true. This Verification is made pursuant to CPLR § 3020 and all other applicable law.

Respectfully Submitted on this, ____4____ Day

of, May 2026

Richard J. Tracy

1275 Church Rd

Angola N.Y 14006

(716) 328-7621

Email space.bandit6x2@outlook.com

_____x
Signature

## LAST WILL AND TESTAMENT
## OF CARRIE A. TRACY

I, CARRIE A. TRACY, presently residing at 1275 Church Road, Angola, New York, being of sound mind and disposing memory, do hereby make, publish, and declare this to be my Last Will and Testament, hereby expressly revoking any and all Wills and Codicils heretofore made by me.

RECEIVED

MAR 2 8 2024

SURROGATE'S COURT
ERIE COUNTY, N.Y.

## ARTICLE I
## FAMILY

My children are MICHAEL A. TRACY and SUSAN M. TIGHE. Any reference to my children will refer to all of the children mentioned above.

I deliberately make no provision in my will for my child RICHARD J. TRACY, and any descendants of RICHARD J. TRACY for reasons personal to me. Any reference in this document to "child or children," "heirs at law," or "descendants," does not refer to these people.

## ARTICLE II
## CLAIMS AND TAXES

I direct my Executor to pay out of my residuary estate the following:

Section 1. The expenses of my last illness, administration expenses, and all legally enforceable creditor claims.

Section 2. All Federal estate taxes, state inheritance taxes and all other governmental charges imposed by reason of my death, without seeking reimbursement from or charging any person for any part of the taxes and charges paid.

Section 3. If necessary, reasonable funeral expenses, including the cost, if any, of a

## ARTICLE IV
## TANGIBLE PERSONAL PROPERTY

Unless otherwise specifically provided, my Executor shall deliver all tangible personal property to my children MICHAEL A. TRACY and SUSAN M. TIGHE in portions of equal value, divided as they may agree, or if they do not agree within a reasonable time, as my Executor determines. There shall be one share for each of these children of mine who survives me and one share for the issue, by right of representation, of each of these children who fails to survive me.

"Tangible personal property" means personal property (not primarily used in a business), such as boats, books, china, clothing, furnishings, furniture, glass, household items, jewelry, lawn and garden equipment, motor vehicles, personal effects, pictures, recreational items, rugs, silver, works of art, and any other similar items, and includes any insurance on those assets. My Executor shall determine which items are within this definition, and the determination shall bind all persons.

## ARTICLE V
## DISTRIBUTION OF RESIDUE

I direct that the residue of my estate be divided into equal shares. There shall be one share for each of the following children of mine who survives me: MICHAEL A. TRACY and SUSAN M. TIGHE. In addition, there shall be one share for the issue, by right of representation, of each of these children of mine who fail to survive me.

## ARTICLE VI
## SURVIVORSHIP REQUIREMENT

Unless otherwise specifically provided, a beneficiary of my Will who fails to survive me by 30 days shall be deemed to have predeceased me and shall not share in my estate. The share of such beneficiary shall be distributed as directed by the provisions stated in my Will.

## ARTICLE VII
## ADDITIONAL PROVISIONS

I direct that my Will be interpreted under the laws of the State of New York.

## ARTICLE VIII
## POWERS AND DUTIES OF MY EXECUTOR

I authorize my Executor to do any of the following, if necessary, in the course of the administration of my estate:

2

(a)  To make repairs or improvements to my property, as may be deemed necessary to preserve or enhance the value of my estate.

(b)  To sell or convey any part of my estate whether real, personal or mixed (for cash or on credit) at a public or private sale.

(c)  To borrow funds for use in estate administration if there are insufficient liquid assets in my estate.

(d)  To employ persons, including attorneys, investment advisors, or other agents for assistance or advice, or not to employ such persons, as my Executor deems appropriate.

In addition, my Executor is authorized to perform any act which the applicable laws of the State of New York authorize a personal representative or fiduciary to perform.

I sign this Will on the __8th__ day of __May__, 2013.

CARRIE A. TRACY

## STATEMENT OF WITNESSES

Each of the undersigned declares under penalty of perjury under the laws of the State of New York on  this __8th__ day of __May__, 2013 that the following is true and correct.

Section 1.  I am over the age of eighteen years and competent to be a witness to the will of CARRIE A. TRACY.

Section 2.  That CARRIE A. TRACY in my presence and in the presence of the other witness whose signature appears below:

A.  Declared the foregoing instrument, to be her will;

B.  Requested me and the other witness to act as witnesses to her will and to make this statement; and

C.  Signed such instrument.

Section 3.  I believe CARRIE A. TRACY is of sound mind, and that she has not acted under any duress, menace, fraud or undue influence.

3

Section 4. The other witness and I, in the presence of the Testatrix and of each other, now sign as witnesses to this will.

UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY  14075


UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY  14075

4

2024-1318

## AFFIDAVIT OF ATTESTING WITNESSES

STATE OF NEW YORK:
COUNTY OF ERIE:

RECEIVED

MAR 2 8 2024

SURROGATE'S COURT
ERIE COUNTY, N.Y.

Each of the undersigned, individually and severally being duly sworn, deposes and says:

The within Will was subscribed in our presence and sight at the end thereof by Carrie A. Tracy the within named Testatrix, on this _____8th_____ day of _____May_____, 2013.

Said Testatrix at the time of making such subscription declared the instrument so subscribed to be her last will and testament.

Each of the undersigned thereupon signed their name as a witness at the end of said Will at the request of said Testatrix and in her presence and sight and in the presence and sight of each other.

Said Testatrix was, at the time of so executing said Will, over the age of 18 years and, in the respective opinions of the undersigned, of sound mind, memory and understanding and not under any restraint or in any respect incompetent to make a Will.    The Testatrix in the respective opinions of the undersigned, could read, write and converse in the English language and was suffering from no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect her capacity to make a valid Will. The Will was executed as a single, original instrument and was not executed in counterparts.

Each of the undersigned was acquainted with said Testatrix at such time and makes this affidavit at her request.

The within Will was shown to the undersigned at the time this affidavit was made and was examined by each of them as to the signature of said Testatrix and of the undersigned.

The foregoing instrument was executed by the Testatrix and witnessed by each of the undersigned affiants under the supervision of an attorney-at-law.

Joan M. Kronman
(Print Name)

Ramona M. Sims
(Print Name)

Subscribed and sworn to before me this _____8th_____ day of _____May_____, 2013.

_____
Notary Public

LAURA A. CYE
Notary Public, State of New York
Qualified in Erie County
My Commission Expires June 16, 20__

5

RECEIVED

MAR 28 2024

SURROGATE'S COURT
ERIE COUNTY, N.Y.

# LAST WILL AND TESTAMENT
## OF CARRIE A. TRACY

I, CARRIE A. TRACY, presently residing at 1275 Church Road, Angola, New York, being of sound mind and disposing memory, do hereby make, publish, and declare this to be my Last Will and Testament, hereby expressly revoking any and all Wills and Codicils heretofore made by me.

## ARTICLE I
### FAMILY

My children are MICHAEL A. TRACY and SUSAN M. TIGHE.  Any reference to my children will refer to all of the children mentioned above.

I deliberately make no provision in my will for my child RICHARD J. TRACY, and any descendants of RICHARD J. TRACY for reasons personal to me.  Any reference in this document to "child or children," "heirs at law," or "descendants," does not refer to these people.

## ARTICLE II
### CLAIMS AND TAXES

I direct my Executor to pay out of my residuary estate the following:

Section 1.  The expenses of my last illness, administration expenses, and all legally enforceable creditor claims.

Section 2.  All Federal estate taxes, state inheritance taxes and all other governmental charges imposed by reason of my death, without seeking reimbursement from or charging any person for any part of the taxes and charges paid.

Section 3.  If necessary, reasonable funeral expenses, including the cost, if any, of a suitable marker for my grave, without the necessity of an order of court approving such expense.

## ARTICLE III
### EXECUTOR

I appoint MICHAEL A. TRACY to act as my Executor.  If MICHAEL A. TRACY is unable or unwilling to act, then I appoint SUSAN M. TIGHE to act as my Executor. To the extent permitted by law, the Executor shall serve without bond.

1

## ARTICLE IV
### TANGIBLE PERSONAL PROPERTY

Unless otherwise specifically provided, my Executor shall deliver all tangible personal property to my children MICHAEL A. TRACY and SUSAN M. TIGHE in portions of equal value, divided as they may agree, or if they do not agree within a reasonable time, as my Executor determines. There shall be one share for each of these children of mine who survives me and one share for the issue, by right of representation, of each of these children who fails to survive me.

"Tangible personal property" means personal property (not primarily used in a business), such as boats, books, china, clothing, furnishings, furniture, glass, household items, jewelry, lawn and garden equipment, motor vehicles, personal effects, pictures, recreational items, rugs, silver, works of art, and any other similar items, and includes any insurance on those assets. My Executor shall determine which items are within this definition, and the determination shall bind all persons.

## ARTICLE V
### DISTRIBUTION OF RESIDUE

I direct that the residue of my estate be divided into equal shares. There shall be one share for each of the following children of mine who survives me: MICHAEL A. TRACY and SUSAN M. TIGHE. In addition, there shall be one share for the issue, by right of representation, of each of these children of mine who fail to survive me.

## ARTICLE VI
### SURVIVORSHIP REQUIREMENT

Unless otherwise specifically provided, a beneficiary of my Will who fails to survive me by 30 days shall be deemed to have predeceased me and shall not share in my estate. The share of such beneficiary shall be distributed as directed by the provisions stated in my Will.

## ARTICLE VII
### ADDITIONAL PROVISIONS

I direct that my Will be interpreted under the laws of the State of New York.

## ARTICLE VIII
### POWERS AND DUTIES OF MY EXECUTOR

I authorize my Executor to do any of the following, if necessary, in the course of the administration of my estate:

2

(a) To make repairs or improvements to my property, as may be deemed necessary to preserve or enhance the value of my estate.

(b) To sell or convey any part of my estate whether real, personal or mixed (for cash or on credit) at a public or private sale.

(c) To borrow funds for use in estate administration if there are insufficient liquid assets in my estate.

(d) To employ persons, including attorneys, investment advisors, or other agents for assistance or advice, or not to employ such persons, as my Executor deems appropriate.

In addition, my Executor is authorized to perform any act which the applicable laws of the State of New York authorize a personal representative or fiduciary to perform.

I sign this Will on the _8th_ day of _May_, 2013.

_____
CARRIE A. TRACY

## STATEMENT OF WITNESSES

Each of the undersigned declares under penalty of perjury under the laws of the State of New York on this _8th_ day of _May_, 2013 that the following is true and correct.

Section 1. I am over the age of eighteen years and competent to be a witness to the will of CARRIE A. TRACY.

Section 2. That CARRIE A. TRACY in my presence and in the presence of the other witness whose signature appears below:

A. Declared the foregoing instrument, to be her will;

B. Requested me and the other witness to act as witnesses to her will and to make this statement; and

C. Signed such instrument.

Section 3. I believe CARRIE A. TRACY is of sound mind, and that she has not acted under any duress, menace, fraud or undue influence.

3

<u>Section 4.</u>  The other witness and I, in the presence of the Testatrix and of each other, now sign as witnesses to this will.

UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY  14075


UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY  14075

4

2024-1318

## AFFIDAVIT OF ATTESTING WITNESSES

STATE OF NEW YORK:
COUNTY OF ERIE:

**RECEIVED**

MAR 2 8 2024

SURROGATE'S COURT
ERIE COUNTY, N.Y.

Each of the undersigned, individually and severally being duly sworn, deposes and says:

The within Will was subscribed in our presence and sight at the end thereof by Carrie A. Tracy the within named Testatrix, on this ___8th___ day of ___May___, 2013.

Said Testatrix at the time of making such subscription declared the instrument so subscribed to be her last will and testament.

Each of the undersigned thereupon signed their name as a witness at the end of said Will at the request of said Testatrix and in her presence and sight and in the presence and sight of each other.

Said Testatrix was, at the time of so executing said Will, over the age of 18 years and, in the respective opinions of the undersigned, of sound mind, memory and understanding and not under any restraint or in any respect incompetent to make a Will.   The Testatrix in the respective opinions of the undersigned, could read, write and converse in the English language and was suffering from no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect her capacity to make a valid Will. The Will was executed as a single, original instrument and was not executed in counterparts.

Each of the undersigned was acquainted with said Testatrix at such time and makes this affidavit at her request.

The within Will was shown to the undersigned at the time this affidavit was made and was examined by each of them as to the signature of said Testatrix and of the undersigned.

The foregoing instrument was executed by the Testatrix and witnessed by each of the undersigned affiants under the supervision of an attorney-at-law.

_Joan M. Kronman_                    _Ramona M. Sims_

__Joan M. Kronman__                  __Ramona M. Sims__
(Print Name)                          (Print Name)

Subscribed and sworn to before me this ___8th___ day of ___May___, 2013.

_Laura A. Cye_
Notary Public

LAURA A. CYE
Notary Public, State of New York
Qualified in Erie County
My Commission Expires June 16, 20__

5

*Exhibit E*

*copy*

# LAST WILL AND TESTAMENT
## OF CARRIE A. TRACY

I, CARRIE A. TRACY, presently residing at 1275 Church Road, Angola, New York, being of sound mind and disposing memory, do hereby make, publish, and declare this to be my Last Will and Testament, hereby expressly revoking any and all Wills and Codicils heretofore made by me.

## ARTICLE I
## FAMILY

My children are MICHAEL A. TRACY and SUSAN M. TIGHE. Any reference to my children will refer to all of the children mentioned above.

I deliberately make no provision in my will for my child RICHARD J. TRACY, and any descendants of RICHARD J. TRACY for reasons personal to me. Any reference in this document to "child or children," "heirs at law," or "descendants," does not refer to these people.

## ARTICLE II
## CLAIMS AND TAXES

I direct my Executor to pay out of my residuary estate the following:

Section 1. The expenses of my last illness, administration expenses, and all legally enforceable creditor claims.

Section 2. All Federal estate taxes, state inheritance taxes and all other governmental charges imposed by reason of my death, without seeking reimbursement from or charging any person for any part of the taxes and charges paid.

Section 3. If necessary, reasonable funeral expenses, including the cost, if any, of a suitable marker for my grave, without the necessity of an order of court approving such expense.

## ARTICLE III
## EXECUTOR

I appoint MICHAEL A. TRACY to act as my Executor. If MICHAEL A. TRACY is unable or unwilling to act, then I appoint SUSAN M. TIGHE to act as my Executor. To the extent permitted by law, the Executor shall serve without bond.

1

## ARTICLE IV
## TANGIBLE PERSONAL PROPERTY

Unless otherwise specifically provided, my Executor shall deliver all tangible personal property to my children MICHAEL A. TRACY and SUSAN M. TIGHE in portions of equal value, divided as they may agree, or if they do not agree within a reasonable time, as my Executor determines. There shall be one share for each of these children of mine who survives me and one share for the issue, by right of representation, of each of these children who fails to survive me.

"Tangible personal property" means personal property (not primarily used in a business), such as boats, books, china, clothing, furnishings, furniture, glass, household items, jewelry, lawn and garden equipment, motor vehicles, personal effects, pictures, recreational items, rugs, silver, works of art, and any other similar items, and includes any insurance on those assets. My Executor shall determine which items are within this definition, and the determination shall bind all persons.

## ARTICLE V
## DISTRIBUTION OF RESIDUE

I direct that the residue of my estate be divided into equal shares. There shall be one share for each of the following children of mine who survives me: MICHAEL A. TRACY and SUSAN M. TIGHE. In addition, there shall be one share for the issue, by right of representation, of each of these children of mine who fail to survive me.

## ARTICLE VI
## SURVIVORSHIP REQUIREMENT

Unless otherwise specifically provided, a beneficiary of my Will who fails to survive me by 30 days shall be deemed to have predeceased me and shall not share in my estate. The share of such beneficiary shall be distributed as directed by the provisions stated in my Will.

## ARTICLE VII
## ADDITIONAL PROVISIONS

I direct that my Will be interpreted under the laws of the State of New York.

## ARTICLE VIII
## POWERS AND DUTIES OF MY EXECUTOR

I authorize my Executor to do any of the following, if necessary, in the course of the administration of my estate:

2

(a) To make repairs or improvements to my property, as may be deemed necessary to preserve or enhance the value of my estate.

(b) To sell or convey any part of my estate whether real, personal or mixed (for cash or on credit) at a public or private sale.

(c) To borrow funds for use in estate administration if there are insufficient liquid assets in my estate.

(d) To employ persons, including attorneys, investment advisors, or other agents for assistance or advice, or not to employ such persons, as my Executor deems appropriate.

In addition, my Executor is authorized to perform any act which the applicable laws of the State of New York authorize a personal representative or fiduciary to perform.

I sign this Will on the ___8th___ day of ___May___, 2013.

CARRIE A. TRACY

## STATEMENT OF WITNESSES

Each of the undersigned declares under penalty of perjury under the laws of the State of New York on this ___8th___ day of ___May___, 2013 that the following is true and correct.

Section 1. I am over the age of eighteen years and competent to be a witness to the will of CARRIE A. TRACY.

Section 2. That CARRIE A. TRACY in my presence and in the presence of the other witness whose signature appears below:

A. Declared the foregoing instrument, to be her will;

B. Requested me and the other witness to act as witnesses to her will and to make this statement; and

C. Signed such instrument.

Section 3. I believe CARRIE A. TRACY is of sound mind, and that she has not acted under any duress, menace, fraud or undue influence.

3

<u>Section 4.</u>  The other witness and I, in the presence of the Testatrix and of each other, now sign as witnesses to this will.

UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY  14075


UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY  14075

4

# LAST WILL AND TESTAMENT
## OF CARRIE A. TRACY

I, CARRIE A. TRACY, presently residing at 1275 Church Road, Angola, New York, being of sound mind and disposing memory, do hereby make, publish, and declare this to be my Last Will and Testament, hereby expressly revoking any and all Wills and Codicils heretofore made by me.

## ARTICLE I
## FAMILY

My children are MICHAEL A. TRACY and SUSAN M. TIGHE. Any reference to my children will refer to all of the children mentioned above.

I deliberately make no provision in my will for my child RICHARD J. TRACY, and any descendants of RICHARD J. TRACY for reasons personal to me. Any reference in this document to "child or children," "heirs at law," or "descendants," does not refer to these people.

## ARTICLE II
## CLAIMS AND TAXES

I direct my Executor to pay out of my residuary estate the following:

Section 1. The expenses of my last illness, administration expenses, and all legally enforceable creditor claims.

Section 2. All Federal estate taxes, state inheritance taxes and all other governmental charges imposed by reason of my death, without seeking reimbursement from or charging any person for any part of the taxes and charges paid.

Section 3. If necessary, reasonable funeral expenses, including the cost, if any, of a suitable marker for my grave, without the necessity of an order of court approving such expense.

## ARTICLE III
## EXECUTOR

I appoint MICHAEL A. TRACY to act as my Executor. If MICHAEL A. TRACY is unable or unwilling to act, then I appoint SUSAN M. TIGHE to act as my Executor. To the extent permitted by law, the Executor shall serve without bond.

1

## ARTICLE IV
## TANGIBLE PERSONAL PROPERTY

Unless otherwise specifically provided, my Executor shall deliver all tangible personal property to my children MICHAEL A. TRACY and SUSAN M. TIGHE in portions of equal value, divided as they may agree, or if they do not agree within a reasonable time, as my Executor determines. There shall be one share for each of these children of mine who survives me and one share for the issue, by right of representation, of each of these children who fails to survive me.

"Tangible personal property" means personal property (not primarily used in a business), such as boats, books, china, clothing, furnishings, furniture, glass, household items, jewelry, lawn and garden equipment, motor vehicles, personal effects, pictures, recreational items, rugs, silver, works of art, and any other similar items, and includes any insurance on those assets. My Executor shall determine which items are within this definition, and the determination shall bind all persons.

## ARTICLE V
## DISTRIBUTION OF RESIDUE

I direct that the residue of my estate be divided into equal shares. There shall be one share for each of the following children of mine who survives me: MICHAEL A. TRACY and SUSAN M. TIGHE. In addition, there shall be one share for the issue, by right of representation, of each of these children of mine who fail to survive me.

## ARTICLE VI
## SURVIVORSHIP REQUIREMENT

Unless otherwise specifically provided, a beneficiary of my Will who fails to survive me by 30 days shall be deemed to have predeceased me and shall not share in my estate. The share of such beneficiary shall be distributed as directed by the provisions stated in my Will.

## ARTICLE VII
## ADDITIONAL PROVISIONS

I direct that my Will be interpreted under the laws of the State of New York.

## ARTICLE VIII
## POWERS AND DUTIES OF MY EXECUTOR

I authorize my Executor to do any of the following, if necessary, in the course of the administration of my estate:

2

(a). To make repairs or improvements to my property, as may be deemed necessary to preserve or enhance the value of my estate.

(b) To sell or convey any part of my estate whether real, personal or mixed (for cash or on credit) at a public or private sale.

(c) To borrow funds for use in estate administration if there are insufficient liquid assets in my estate.

(d) To employ persons, including attorneys, investment advisors, or other agents for assistance or advice, or not to employ such persons, as my Executor deems appropriate.

In addition, my Executor is authorized to perform any act which the applicable laws of the State of New York authorize a personal representative or fiduciary to perform.

I sign this Will on the ___8th___ day of ___May___, 2013.

_____
CARRIE A. TRACY

## STATEMENT OF WITNESSES

Each of the undersigned declares under penalty of perjury under the laws of the State of New York on this ___8th___ day of ___May___, 2013 that the following is true and correct.

Section 1. I am over the age of eighteen years and competent to be a witness to the will of CARRIE A. TRACY.

Section 2. That CARRIE A. TRACY in my presence and in the presence of the other witness whose signature appears below:

A. Declared the foregoing instrument, to be her will;

B. Requested me and the other witness to act as witnesses to her will and to make this statement; and

C. Signed such instrument.

Section 3. I believe CARRIE A. TRACY is of sound mind, and that she has not acted under any duress, menace, fraud or undue influence.

3

Section 4. The other witness and I, in the presence of the Testatrix and of each other, now sign as witnesses to this will.

UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY 14075

UAW Legal Services Plan
4819 South Park Avenue
Hamburg, NY 14075

4

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

26 CV 896

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Richard J Tracy

## DEFENDANTS

Acea M. Mosey, Kimberly A. Beckwith

**(b)** County of Residence of First Listed Plaintiff  Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Erie
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| [X] 1 | U.S. Government Plaintiff | [X] 3 | Federal Question *(U.S. Government Not a Party)* |
| [ ] 2 | U.S. Government Defendant | [ ] 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**        **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [X] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product              Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability    [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [X] 320 Assault, Libel &        Pharmaceutical | | | [ ] 430 Banks and Banking |
| & Enforcement of Judgment | Slander            Personal Injury | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'        Product Liability | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted | Liability    [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| Student Loans | [ ] 340 Marine              Injury Product | | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| (Excludes Veterans) | [ ] 345 Marine Product              Liability | | [ ] 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | | | [ ] 485 Telephone Consumer |
| of Veteran's Benefits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | **LABOR** | | Protection Act |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | Product Liability    [ ] 380 Other Personal | Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal              Property Damage | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | Exchange |
| [ ] 196 Franchise | Injury    [ ] 385 Property Damage | Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | [ ] 362 Personal Injury -              Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate | | or Defendant) | [ ] 899 Administrative Procedure |
| [ ] 240 Torts to Land | [ ] 443 Housing/              Sentence | | [ ] 871 IRS—Third Party | Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | Accommodations    [ ] 530 General | | 26 USC 7609 | Agency Decision |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -    [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of |
| | Employment    **Other:** | [ ] 462 Naturalization Application | | State Statutes |
| | [ ] 446 Amer. w/Disabilities -    [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | |
| | Other    [ ] 550 Civil Rights | Actions | | |
| | [ ] 448 Education    [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| [ ] 1 Original Proceeding | [X] 2 Removed from State Court | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another District *(specify)* | [ ] 6 Multidistrict Litigation - Transfer | [ ] 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983, 1985 (2) (3)
Brief description of cause:
Constitional Violations, Misuse of Authority

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    [X] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE  5/4/26

SIGNATURE OF ATTORNEY OF RECORD  Richard J Tracy

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____